UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Stacie Riley** on behalf of herself and all other persons similarly situated, known and unknown, | Case No. |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| vs. | |
| **D. Loves Restaurants, LLC**, a New Mexico Limited Liability Company, and **Donald Love and Jane Doe Love**, a married couple | |
| Defendants. | |

Plaintiff, Stacie Riley ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendants who agree in writing to join this action ("Collective Members" and "Class Members) (collectively "Plaintiffs"). and by and through the undersigned attorney(s), sue the Defendant, D. Loves Restaurants, LLC and Donald Love and Jane Doe Love (collectively "Defendants"); and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.      This lawsuit also arises under New Mexico Statutes Ann. § 50-4 *et seq.,* ("NMSA Minimum Wage Act") for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

3.      This lawsuit also arises under The Albuquerque Minimum Wage Ordinance ("AMWO") § 13-12-1, et seq. for Defendants; failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

1

4.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage due and owing Plaintiffs and others similarly-situated in violation of the NMSA Minimum Wage Act § 50-4 *et seq*.

6.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage due and owing Plaintiffs and others similarly-situated in violation of the AMWO § 13-12-1, et seq.

7.     Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages owed to her individually and on behalf of all other similarly-situated servers, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

8.     Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt servers at a rate equal to New Mexico's required minimum wage violates NMSA § 50-4-22 and AMWO § 13-12-3(A).  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under the NMSA Minimum Wage Act.  Members of the Rule 23 Class Action are referred to as the "Class Members."

9.     The Collective Members are all current and former servers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

2

10. The Class Members are all current and former servers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

11. Defendants own and operate two Waffle House restaurants which are the subject of this lawsuit.

12. Defendants have a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA, NMSA Minimum Wage Act, and AMWO.

13. The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

14. Defendant failed to inform Plaintiff and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiffs and the Collective Members; and (3) that all tips received by Plaintiffs and Collective Members must be retained by the Plaintiffs and the Collective Members in the absence of a valid tip pooling arrangement limited to employees

who customarily and regularly receive tips. Such policy and practice violated 29 U.S.C. § 203(m) and as a result Defendant was not entitled to apply the tip credit to the wages paid to Plaintiffs and the Collective Members.

15.     On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

16.     The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

17.     Defendants violated the CAA and FLSA by not allowing Plaintiffs and the Barista Collective Members to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

18.     During May 2020, Defendants engaged in the practice of compensating Plaintiff and the Collective Members at the full minimum wage rate and retaining all tips that were provided to Plaintiff and the Collective Members.  Such policy and practice resulted in Defendants retaining tips that their employees earned, in violation of 29 U.S.C. § 203 (m).

19.     Thereafter, Defendants reduced Plaintiff's and the Collective Members' compensation to $5.65 per hour without providing them notice of their intent to do so.  As a result, Defendants were not eligible to take a tip credit against its employees' wages.

20.     Defendants engaged in the regular practice of automatically deducting $3.55 from Plaintiff's and the Collective Members' pay for each and every shift that Plaintiff and the Collective Members worked to pay for food regardless of whether or not Plaintiff or the

Collective Members ate during that shift or not.  Such policy and practice resulted in Defendants compensating Plaintiff and the Collective Members at a rate or less than the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

21.     Defendant failed to inform Plaintiff and the Class Members in writing prior to taking a tip credit against their wages.  Such policy and practice violated The Albuquerque Minimum Wage Ordinance ("AMWO") § 13-12-3(A) and as a result Defendants were not entitled to apply the tip credit to the wages paid to Plaintiffs and the Class Members.

22.     During May 2020, Defendants engaged in the practice of compensating Plaintiff and the Class Members at the full minimum wage rate and retaining all tips that were provided to Plaintiff and the Class Members.  Such policy and practice resulted in Defendants retaining tips that their employees earned, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

23.     Thereafter, Defendants reduced Plaintiff's and the Collective Members' compensation to $5.65 per hour without providing them notice of their intent to do so.  As a result, Defendants were not eligible to claim a tip credit against their employees' wages.

24.     Defendants engaged in the regular practice of automatically deducting $3.55 from Plaintiff and the Class Members' pay for each and every shift that Plaintiff and the Class Members worked to pay for food regardless of whether or not Plaintiff or the Class Members ate during that shift or not.  Such policy and practice resulted in Defendants compensating Plaintiff and the Class Members at a rate or less than the applicable minimum wage, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

25.     Plaintiff left her employment with Defendant on or about June 20, 2020. Defendants failed to compensate Plaintiff her final paycheck.  As a result, Defendants failed to

compensate Plaintiff at least the applicable minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206(a), NMSA § 50-4-22, and AMWO § 13-12-3(A).

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under New Mexico law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Members occurred within the District of New Mexico, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

28.     Plaintiff, Collective Members, and the Class Members in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

29.     Plaintiff is an individual residing in Bernalillo County, New Mexico, and was formerly employed as server by Defendants at their Waffle House Restaurant.

30.     Plaintiff was employed as a server by Defendants' at their Waffle House restaurant located at 13207 Central Ave., SE, Albuquerque, New Mexico 87123 from approximately February 2020 through approximately June 20, 2020.

31.     At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA and NMSA Minimum Wage Act.

32.     Defendants employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

33.     At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1), a non-exempt employee under 29 U.S.C. § 213(a)(1), and a non-exempt employee as defined by NMSA § 50-4-21(C).

34.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached hereto as Exhibit "A".

35.     At all material times, D. Love's Restaurants, LLC was a limited liability company duly licensed to transact business in the State of New Mexico.

36.     Defendant D. Love's Restaurants, LLC owns and operates several Waffle House Restaurants, including the location where Plaintiff regularly worked, in the State of New Mexico.

37.     At all relevant times, Defendant D. Love's Restaurants, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, maintained employment records in connection with Plaintiff's employment, and acted both directly and indirectly in the interests of Defendants' Waffle House restaurants in relation to their employees. As such, Defendant D. Love's Restaurants, LLC is Plaintiffs' "employer," as defined by the FLSA and NMSA Minimum Wage Act. 29 U.S.C. § 203(d); NMSA § 50-4-21(B).

38.     Defendants Donald Love and Jane Doe Love are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Donald Love and Jane Doe Love are the owners of Defendant D. Love's Restaurants, LLC and were at all relevant times Plaintiff's and the Class Members and Collective Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

39.     Under the FLSA, Defendants Donald Love and Jane Doe Love are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Donald Love and Jane Doe Love are the owners of Defendant D. Love's Restaurants, LLC.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Donald Love and Jane Doe Love are subject to individual liability under the FLSA.

## DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "JOINT EMPLOYER"

40.     Defendants own and operate multiple Waffle House restaurant locations.

41.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Waffle House restaurants.

42.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

43.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Waffle House restaurants.

44.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

45.     Defendants run each Waffle House restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

46.     Defendants share employees between restaurant locations.

47.     Plaintiff performed work at both of Defendants' Waffle House locations.  Upon being hired, Plaintiff trained at Defendants Waffle House restaurant located at 2250 Yale Blvd. SE, Albuquerque, NM 87106.  Thereafter, Plaintiff worked her regular shifts at Defendants' Waffle House restaurant located at 13207 Central Ave., SE, Albuquerque, NM 87123.

48.     Defendants use the trade name "Waffle House" at all of their restaurant locations.

49.     Defendants' restaurants are advertised on the same website.

50.     Defendants provide the same array of products and services to their customers at its restaurant locations.

51.     Defendants' restaurants are open 24-hours a day. They primarily sell breakfast foods and other food items with low profit margins. As such, part of Defendants' business model relies on keeping labor costs extraordinarily low. These low labor targets and requirements, across

all of Defendants' Waffle House restaurants, have contributed to the wage violations alleged in this complaint.

## **STATEMENT OF FACTS**

52.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

53.     Defendants paid Plaintiff and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip credit provisions of 29 U.S.C. § 203(m)

54.     Defendants paid Plaintiff and the Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the NMSA Minimum Wage Act and the AMWO, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of NMSA NMSA § 50-4-22 and AMWO § 13-12-3(A).

55.     Defendants paid their tipped employees–including Plaintiff and the Collective Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, in violation of 29 U.S.C. § 203(m).

56.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

57.     Defendants paid their tipped employees–including Plaintiff and the Class Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the NMSA § 50-4-22 and AMWO § 13-12-3(A).

58.     Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the NMSA § 50-4-22 and AMWO § 13-12-3(A).

59.     Defendants did not allow Plaintiff and the Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

60.     During approximately May 2020, Defendants engaged in the practice of compensating Plaintiff and the Collective Members the full minimum wage while retaining all tips provided to Plaintiff and the Collective Members, in violation of 29 U.S.C. § 203(m).

61.     As a result, Defendants violated 29 U.S.C 206(a) and the CAA.

62.     Thereafter, Defendants reduced Plaintiff and the Collective Members' wages down to $5.65 per hour without notifying Plaintiff or the Collective Members of their intent to do so.

63.     As a result, Defendants did not comply with the requirements of 29 U.S.C. § 203(m) and thus cannot avail themselves of the tip-credit provisions of the FLSA.

64.     Defendants did not allow Plaintiff and the Class Members to retain all tips they earned, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

65.     During approximately May 2020, Defendants engaged in the practice of compensating Plaintiff and the Class Members the full minimum wage while retaining all tips provided to Plaintiff and the Class Members.

66.     Thereafter, Defendants reduced Plaintiff and the Class Members' wages down to $5.65 per hour without notifying Plaintiff or the Class Members, in writing or otherwise, of their intent to do so and engaged in the practice of retaining all to go order tips left for Plaintiff and the Class Members.

11

67.     As a result, Defendants did not comply with the requirements of NMSA § 50-4-22 and AMWO § 13-12-3(A). and thus cannot avail themselves of the tip-credit provisions.

68.     Defendants engaged in the practice of deducting $3.55 from Plaintiff and the Collective Members' wages for each shift they worked to cover the cost of a meal, regardless of whether or not Plaintiff or the Collective Members ate during their shift.

69.     Such policy on Defendants' part violated the FLSA because the deductions from Plaintiff's and the Collective Members' paychecks brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

70.     Defendants engaged in the practice of deducting $3.55 from Plaintiff and the Class Members' wages for each shift they worked to cover the cost of a meal, regardless of whether or not Plaintiff or the Class Members ate during their shift.

71.     Such policies on Defendants' part violated the FLSA because the deductions from Plaintiff's and the Class Members' paychecks brought their wages below the applicable minimum wage, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

72.     Plaintiff left her employment with Defendants on or about June 20, 2020. Defendants failed to compensate Plaintiff her final paycheck.

73.     As a result, Plaintiff was not compensated any wage whatsoever for her final two weeks of work for Defendants.

74.     Therefore, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked in her final two weeks of work for Defendants, in violation of the FLSA, 29 U.S.C. § 206(a).

75.     Therefore, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked in her final two weeks of work for Defendants, in violation of NMSA Minimum Wage Act and the AMWO.

## FLSA COLLECTIVE ACTION ALLEGATIONS

76.     Plaintiff and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

77.     Plaintiff asserts those claims on behalf of herself and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

78.     Plaintiff seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

79.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

80.     Upon information and belief, Defendants have employed more than 100 tipped employees during the period relevant to this action.

13

81.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

82.     Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

83.     Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## NEW MEXICO CLASS ACTION ALLEGATIONS

84.     Plaintiff brings her New Mexico wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendants' current and former servers who were paid an hourly rate of less than the New Mexico minimum wage on account of their receiving tips, starting three years before this lawsuit was filed up to the present.**

85.     <u>Numerosity</u>.  The number of Class Members is believed to be more than 100. This volume makes bringing the claims of each individual Class Member before this Court impracticable.  Likewise, joining each individual Class Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a

14

reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendants.

86. <u>Typicality</u>. Plaintiff claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendants' company-wide policies and practices and was compensated in the same manner as the other Class Members. Defendants regularly withheld tips from Plaintiff and the Class Members while continuing to compensate them at a rate below the applicable minimum wage. As a result, Defendants failed to pay Plaintiff and the Class Members minimum wage for all hours worked.

87. As a result of such policy and practice by Defendants, Defendants violated the minimum wage provisions of NMSA § 50-4-22.

88. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under New Mexico law. Plaintiff has retained attorneys who have expertise in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

89. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

> a. Whether Defendants compensated Plaintiff and the Class Members at an hourly rate below the applicable minimum wage;
>
> b. Whether Defendants withheld tips from Plaintiff and the Class Members;
>
> c. Whether Defendants failed to pay Plaintiff and the Class Members minimum wage for all hours worked.

> d. Whether Defendants failed to provide Plaintiff and the Class Members notice that they would be compensated at a rate less than the full applicable minimum wage on account of receiving tips.

90. Common issues of law include, but are not limited to:

> a. Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Members;
>
> b. Whether Defendants were entitled to impose a tip credit on the wages of Plaintiff and the Class Members;
>
> c. Whether Plaintiff and the Class Members are entitled to compensatory damages;
>
> d. The proper measure of damages sustained by Plaintiff and the Class Members; and
>
> e. Whether Defendants' actions were "willful."

91. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

92. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one

forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendants' records.

93.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform and company-wide; (2) the burden is on Defendants to prove it properly compensated its employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove it properly imposed the tip credit upon its employees.

94.     Ultimately, a class action is a superior forum to resolve the New Mexico state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Class Members according to applicable New Mexico laws.

95.     <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFF

96.     The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by

which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

97.     Defendants failed to inform Plaintiff and the Collective Members of (1) the amount of the tip credit being claimed by Defendants; (2) that the amount claimed by Defendants must not exceed the value of the tips actually received by Plaintiff and the Collective Members; and (3) that all tips received by Plaintiff and Collective Members must be retained by the Plaintiff and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such, Defendants were not entitled to apply the tip credit to the wages paid to Plaintiff and the Collective Members.

98.     In approximately May 2020, Defendants reduced Plaintiff's and the Collective Members' hourly wage from the full minimum wage down to $5.65 per hour without providing them notice of their intent to do so.  As a result, Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA, in violation of 29 U.S.C. § 206(a).

99.     As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

100.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their

employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

101.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## TIP RETENTION

102.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

103.    Defendants engaged in the regular policy and practice of retaining tips paid to Plaintiff and the Collective Members.

104.    Such policy and practice by Defendants resulted in Plaintiff and the Collective Members not retaining all of their tips and in Plaintiff and the Collective Members' wages being paid below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

105.    Defendants therefore failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every

workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

106.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

107.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with reimbursement of all withheld tips, interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, reimbursement for all withheld tips, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## IMPROPER DEDUCTIONS FROM WAGES

108.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

109.    Defendants engaged in the regular practice of automatically deducting $3.55 from Plaintiff's and the Collective Members' wages for each and every shift that Plaintiff and the Collective Members worked to pay for food regardless of whether or not Plaintiff or the

Collective Members ate during that shift or not. Such policy and practice resulted in Defendants compensating Plaintiff and the Collective Members at a rate or less than the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

110.   Such policy and practice by Defendants resulted in Plaintiff and the Collective Members being paid below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

111.   Defendants therefore failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

112.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

113.   Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest,

reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT FOUR: AMWO MINIMUM WAGE ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFF**

114.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

115.    In approximately May 2020, Defendants reduced Plaintiff and the Class Members' hourly wage down from $9.35 per hour to $5.65 per hour without providing Plaintiff of the Class Members notice of their intent to do so.  Defendants compensated Plaintiff and the Class Members at a rate of less than the full applicable minimum wage without notifying them in writing of their intent to compensate Plaintiff and the Class Members at such a rate as required under AMWO § 13-12-1, et seq.  As such, Defendants were not entitled to apply the tip credit to the wages paid to Plaintiff and the Class Members.

116.    As such, full applicable minimum wage for such time Plaintiff and the Class Members worked is owed to Plaintiff and the Class Members.

117.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full minimum wage over the course of their employment would violate New Mexico law, and Defendants were aware of the AMWO requirements during Plaintiff and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWO and NMSA.

118.    Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

22

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FIVE: NMSA MINIMUM WAGE ACT
### TIP RETENTION

119.   Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

120.   Defendants engaged in the regular policy and practice of retaining tips paid by customers to Plaintiff and the Class Members.

121.   Such policy and practice by Defendants resulted in Plaintiff and the Class Members not retaining all of their tips and in Plaintiff and the Class Members' wages being paid below the applicable minimum wage, in violation of NMSA § 50-4-22.

122.   Defendants therefore failed and/or refused to pay Plaintiff and the Class Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Class Members worked for Defendants, for the duration of their employment, in violation of NMSA § 50-4-22.

123.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the NMSA.

124.    Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with reimbursement for all withheld tips interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, reimbursement of all withheld tips plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SIX: NMSA MINIMUM WAGE ACT
## IMPROPER DEDUCTIONS FROM WAGES

125.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

126.    Defendants engaged in the regular practice of automatically deducting $3.55 from Plaintiff's and the Class Members' wages for each and every shift that Plaintiff and the Class Members worked to pay for food regardless of whether or not Plaintiff or the Class Members ate during that shift or not.  Such policy and practice resulted in Defendants compensating Plaintiff and the Class Members at a rate or less than the applicable minimum wage, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

127.    Such policy and practice by Defendants resulted in Plaintiff and the Class Members being paid below the applicable minimum wage, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

128.    Defendants therefore failed and/or refused to pay Plaintiff and the Class Members the full minimum wage according to the provisions of the New Mexico and Albuquerque law for each and every workweek that Plaintiff and the Class Members worked for Defendants, for the duration of their employment, in violation of NMSA § 50-4-22 and AMWO § 13-12-3(A).

129.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the New Mexico and Albuquerque's minimum wage requirements during Plaintiff and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the NMSA § 50-4-22 and AMWO § 13-12-3(A).

130.    Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Stacie Riley, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SEVEN: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

131.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

25

132.    Defendants failed to compensate Plaintiff her final paycheck.   As a result, Defendants willfully failed or refused to Plaintiff any wages whatsoever for the hours she worked for them during her final two weeks of employment.

133.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

134.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs/

**WHEREFORE**, Plaintiff, Stacie Riley, respectfully request that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT EIGHT: NMSA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

135.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

136.    Defendants failed to compensate Plaintiff her final paycheck.   As a result, Defendants willfully failed or refused to Plaintiff any wages whatsoever for the hours she worked for them during her final two weeks of employment.

137.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the NMSA § 50-4-22 and AMWO § 13-12-3(A).

26

138.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorneys' fees, and costs/

**WHEREFORE**, Plaintiff, Stacie Riley, respectfully request that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this October 20, 2020.

BENDAU & BENDAU PLLC

By: /s/ Christopher J. Bendau
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (AZ No. 032981)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ James L. Simon
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com