IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Stacie Riley, on behalf of herself
and all other persons similarly
situated, known and unknown,

       Plaintiffs,

vs.

D. Loves Restaurants, LLC,
a New Mexico Limited Liability
Company, and Donald Love
and Jane Doe Love, a married couple,

       Defendants.

Case No. 1:20-cv-01085-WJ-KK

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
ORDER APPROVING RESOLUTION OF WAGE CLAIMS**

The above-named Parties submit this Memorandum in support of their Joint Motion for Order Approving Resolution of Wage Claims.

**I.**

**INTRODUCTION**

In this action brought under the Fair Labor Standards Act ("FLSA"), the New Mexico Minimum Wage Act ("MWA"), and the Albuquerque Minimum Wage Ordinance ("AMWO"), Plaintiff and Defendants jointly request that the Court enter an order approving the Confidential Settlement Agreement and Full and Final Release of Claims ("Agreement") reached between the Parties to release and resolve all claims relating to this matter.  As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section

216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court." *Id*. at 1353. [1]

## II.

## FACTS & PROCEDURAL HISTORY

Plaintiff Stacie Riley filed this lawsuit in the United States District Court for the District of New Mexico on October 20, 2020, alleging that Defendants violated the FLSA, the MWA, and the AMWO. In the Complaint, Plaintiff alleges that Defendants failed to pay her proper minimum wage and improperly compensating her under the "tip credit" provisions of the FLSA, the MWA, and the AMWO. Defendants deny those allegations and specifically aver that Plaintiff and all their employees were properly compensated under the minimum wage and tip credit provisions of the FLSA, the MWA, and the AMWO.

The Parties subsequently exchanged relevant information allowing each to evaluate their claims and defenses and entered into settlement negotiations. The Parties were able to reach a settlement which is now being presented to the Court for approval. The Parties intend to seek the Court's approval to file the Confidential Settlement Agreement and Full and Final Release of Claims executed by the Parties under seal as **Exhibit A** to this Memorandum. All undersigned counsel represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all Parties with respect to the claims made by Plaintiff, the relief and damages sought by Plaintiff, the defenses asserted by Defendants, and attorneys' fees.

---

[1] *But see, Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval). The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved. Nevertheless, the Parties believe that Court approval is the better practice and consistent with the weight of authority.

### III.

### **THE COURT SHOULD APPROVE THE SETTLEMENT**

In this case, the Court should approve the terms of the Agreement because they were achieved in an adversarial context, experienced counsel represented the Parties on both sides, and it reflects a fair and reasonable compromise over disputed issues.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?

2. Was the plaintiff represented by attorneys who can protect their rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54. The Court may weigh these factors in deciding whether to approve this settlement, which resolves not only Plaintiffs' FLSA claim, but also her MWA and AMWO claims.

In this instance, the resolution reached by the Parties was negotiated by experienced counsel who protected the rights of both Parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the Parties with respect to whether Plaintiff was paid properly under the minimum wage and tip credit provisions of the FLSA, the MWA, and the AMWO, and the amount of damages, if any, that were available to Plaintiff under the FLSA, the MWA, and/or the AMWO. With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in

any way related to, Plaintiff's claims under the FLSA, the MWA, and the AMWO, including attorneys' fees and costs.

Under the Parties' agreement, after deductions for attorneys' fees and costs, Plaintiff will receive a sum of money which is a reasonable estimate of the amount she was allegedly underpaid. This is an appropriate and approved method of distributing damages awards. *See, Dillworth v. Case Farms Processing,* 2010 U.S. Dist LEXIS 20446, *16 (N.D. Ohio Mar. 8, 2010).

## IV.

### THE COURT SHOULD APPROVE ATTORNEYS' FEES AND COSTS

As part of the settlement of this FLSA action, Defendants have agreed to pay Plaintiff's attorneys' fees and out-of-pocket costs pursuant to 29 U.S.C. § 216(b). With respect to attorney's fees and costs, the Court should approve the fees and costs sought by Plaintiff's counsel. Here, Plaintiff's counsel represented Plaintiff on a contingency basis. Specifically, Plaintiff's counsel agreed to represent Plaintiff for a percentage of the gross recovery, or for a separately-negotiated or Court-determined amount of attorneys' fees and costs. Plaintiff entered into an agreement with Plaintiff's counsel to this effect. Thus, pursuant to the settlement agreement between the Parties, Plaintiff expects that her counsel will receive its fees compensation separately as set forth in the agreement. Plaintiff's counsel is also reducing its normal hourly rate in order to accommodate this settlement. In this case, Plaintiff's counsel secured a very good result for Plaintiff in light of all the circumstances. Moreover, Plaintiff's counsel bore a significant risk of nonpayment in this case had Defendants prevailed on the merits. In light of these circumstances, the proposed fee award will not result in a windfall to

Plaintiff's counsel. Thus, the Court should approve the fees and costs sought by Plaintiff's counsel.

V.

## CONCLUSION

For the foregoing reasons, the Parties request that the Court enter an Order approving the settlement agreements in this action and dismiss this action with prejudice based on the Parties' Agreement. A proposed Order will be submitted to the Court via electronic mail.

Respectfully submitted this 7th day of April, 2021.

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

ATTORNEYS FOR DEFENDANTS

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants this 7th day of April, 2021:

Clifford P. Bendau, II
Christopher J. Bendau
Bendau & Bendau PLLC
cliffordbendau@bendaulaw.com
chris@bendaulaw.com

James L. Simon
Law Offices of Simon & Simon
jameslsimonlaw@yahoo.com


*/s/ Charlotte Lamont*

Charlotte Lamont
4818-6473-1355.1 / 110199-1001