IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STACIE RILEY,

      Plaintiff,

      vs.                                      Civ. No. 20-1085 WJ/KK

D. LOVES RESTAURANTS,
LLC *et al.*,

      Defendants.

**ORDER TO FILE JOINT NOTICE
REGARDING MOTIONS TO APPROVE SETTLEMENT AND TO SEAL**

THIS MATTER is before the Court on:  (1) the parties' Joint Motion for Order Approving Resolution of Wage Claims (Doc. 14) ("Motion to Approve Settlement"); and, (2) the parties' Joint Motion to File Exhibit Under Seal (Doc. 15) ("Motion to Seal").  Both motions were filed on March 22, 2021. The Court has also considered the parties' Memorandum in Support of Joint Motion for Order Approving Resolution of Wage Claims (Doc. 19), filed April 7, 2021.

**BACKGROUND**

Plaintiff brought this case individually and as a collective action under the Fair Labor Standards Act ("FLSA") and a class action under the New Mexico Minimum Wage Act ("NMMWA") and the Albuquerque Minimum Wage Ordinance ("AMWO"). (Doc. 1 at 1-2.) To date, no collective or class has been conditionally or finally certified and no actual or potential claimant other than Plaintiff has been notified of or participated in the case.

On February 16, 2021, the parties informed the Court that they have agreed to resolve their dispute. (Doc. 12.) In their Motion to Approve Settlement, they seek judicial approval of their Confidential Settlement Agreement and Full and Final Release of Claims ("Agreement"). (Doc. 14.)  In their Motion to Seal, in turn, they seek leave to file the Agreement under seal for the

Court's *in camera* review. (Doc. 15.) Taken together, the parties' motions require the Court to address as a preliminary matter whether judicial review of the merits of the Agreement is necessary, and if so, whether the Agreement should be sealed.[1]

## DISCUSSION

### I.      Judicial Approval of FLSA Settlement Agreements[2]

The FLSA itself does not require judicial approval of settlements of claims brought under 29 U.S.C. § 216(b). *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019). Nor has the United States Supreme Court addressed whether such approval is always necessary. *Id.* at 405-06. The Supreme Court did long ago observe that "the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage"; however, it did not in that case "consider . . . the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment." *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 114–15 (1946); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-07 (1945) (distinguishing between impermissible waivers of FLSA rights and settlements of "bona fide dispute[s] between the parties as to liability"). Likewise, the Tenth Circuit Court of Appeals has not yet addressed this issue. *Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019

---

[1] In their Memorandum in Support of Joint Motion for Order Approving Resolution of Wage Claims, the parties cite to a single case, *i.e.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), for the proposition that proposed settlements of FLSA claims must be presented for judicial approval. (Doc. 19 at 1-2.) However, and as further discussed below, the parties fail to acknowledge that numerous courts have subsequently reached the opposite conclusion. (*See generally id.*)

[2] With respect to Plaintiff's class action claims under the NMMWA and the AMWO, the Court notes that Federal Rule of Civil Procedure 23 only requires court approval of settlements of "[t]he claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). Neither a certified class nor a class proposed to be certified for purposes of settlement is at issue here. Thus, the Court focuses its inquiry on whether judicial approval of FLSA settlement agreements is required.

WL 112781, at *2 (N.D. Okla. Jan. 4, 2019). The Court will therefore consider the decisions of other federal appellate and district courts.

A.      Relevant Case Law

*Federal Courts of Appeals*

Federal appellate courts have split on the issue of whether private settlements of bona fide disputes between employers and employees under the FLSA are valid and enforceable without judicial or Department of Labor ("DOL") approval. In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit held that an agreement between an employer and employees to compensate the employees far below the amount the DOL had determined they were owed was invalid. 679 F.2d 1350, 1354 (11th Cir. 1982). According to the Eleventh Circuit, "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (quotation marks omitted).

In contrast, the Fifth Circuit in *Martin v. Spring Break '83 Productions, L.L.C.* held that the plaintiffs' private settlement agreement with their employer was "an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves." 688 F.3d 247, 255 (5th Cir. 2012); *see also Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 397 (5th Cir. 2020) (holding that a private settlement agreement resolving "a bona fide dispute as to the amount of hours worked or compensation due" under the FLSA was valid). The film production employees in *Martin* had filed a grievance through their union alleging they were not paid for work they performed in violation of the FLSA. *Id.* at 249. The parties entered into a settlement pertaining to the disputed hours after an investigation revealed that "it would be impossible to determine whether or not [the employees] worked on the days they alleged they had worked." *Id.*

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that stipulated dismissals of FLSA claims, with prejudice, pursuant to settlement under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) require the approval of the district court or the DOL to take effect. 796 F.3d 199, 200, 206 (2d Cir. 2015). However, the Second Circuit subsequently declined to extend its holding in *Cheeks* to offers of judgment on FLSA claims under Federal Rule of Civil Procedure 68(a). *Mei Xing Yu*, 944 F.3d at 412.

And, although the Eighth Circuit has not decided whether the FLSA requires judicial approval of all settlements of claims brought under the Act, it has held that any authority for judicial approval does not extend to the review of settled attorney fees. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).[3]

*Federal District Courts*

Federal district court decisions are also split on this issue. In *Martinez v. Bohls Bearing Equipment Co.*, the Western District of Texas conducted an extensive survey of the FLSA's history and caselaw applying the Act. 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005), cited in *Serna v. Bd. of Cty. Comm'rs of Rio Arriba Cty.*, No. 17-CV-196-RB-KBM, 2018 WL 4773361, at *4 (D.N.M. Oct. 3, 2018). On the basis of this survey, the *Martinez* court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due [and that] a release of a party's rights under the FLSA is

---

[3] In addition, the Fourth Circuit has stated in dicta that settlements of FLSA claims must be supervised by the DOL or a court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *reh'g granted, judgment vacated* (June 14, 2006), *opinion reinstated on reh'g*, 493 F.3d 454 (4th Cir. 2007). However, like the Fifth Circuit, this Court "does not find the Fourth Circuit's decision in *Taylor* applicable because the holding of *Taylor* dealt with settlement of Family and Medical Leave Act claims, and even in that context has been super[s]eded, as recognized by the Fourth Circuit itself." *Martin*, 688 F.3d at 256 n.10.

4

enforceable under such circumstances." 361 F. Supp. 2d at 631. The Fifth Circuit approved of the reasoning in *Martinez* when it decided *Martin*, 688 F.3d at 255.

In *Ruiz v. Act Fast Delivery of Colorado, Inc.*, after a thorough discussion, the District of Colorado held that a "FLSA claim that is genuinely disputed by the employer may be compromised via a private settlement between the parties," and "such settlement[s] will be legally effective regardless of whether they are submitted to or approved by the trial court." No. 14-CV-00870-MSK-NYW, 2017 WL 11545275, at *3 (D. Colo. Jan. 9, 2017). After another thorough review, the court in *Fails v. Pathway Leasing LLC* also held that, absent exceptional circumstances, the court need not review and approve FLSA settlements. No. 18-CV-00308-CMA-NYW, 2018 WL 6046428, at *2-*4 (D. Colo. Nov. 19, 2018). According to the *Fails* court, "exceptional circumstances" include "evidence of malfeasance or overreaching in obtaining a settlement agreement," such as where "not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement or where a party alleges that an agreement does not actually pertain to a bona fide dispute." *Id.* at *3. Similarly, in *Lee v. Best Budz LLC*, the District of Colorado followed *Ruiz* and *Fails* to hold that, absent a defect in the settlement agreement or settlement process that would require an inquiry as to whether the parties' dispute was bona fide, there was "no need to review the merits" of the parties' FLSA settlement. No. 19-CV-02430-KMT, 2019 WL 5964966, at *3 (D. Colo. Nov. 12, 2019).

However, in another District of Colorado case, *Slaughter v. Sykes Enterprises, Inc.*, the court acknowledged "the current uncertainty of the legal landscape" and chose to conduct a merits review of the parties' settlement because, "while there is disagreement over whether FLSA settlements *must* be approved by the [c]ourt, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the [c]ourt." No. 17-CV-02038-KLM, 2019

WL 529512, at *6 (D. Colo. Feb. 11, 2019) (emphases in original); *see also Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204–05 (W.D. Pa. 2020) (although court was "n[ot] so sure" its approval of FLSA settlement was needed, it decided to consider the parties' motion for approval of the settlement "in order to provide the parties comfort"). And in *Judd v. Keypoint Government Solutions, Inc.*, another District of Colorado decision, the court observed in a footnote that "[t]he issue of whether an FLSA settlement requires court approval has not yet been settled by the Tenth Circuit," and "the decisions in this District are not uniform regarding any requirements for approval of settlement agreements brought under the FLSA"; nevertheless, it flatly stated that it "requires any settlement be approved." No. 18-CV-00327-RM-STV, 2021 WL 75224, at *2 n.7 (D. Colo. Jan. 8, 2021).

Here in the District of New Mexico, the *Serna* court held that, absent special circumstances, FLSA settlements do not require court approval. 2018 WL 4773361 at *2-*4. The parties in that case asked the court to find their settlement agreement enforceable without court or DOL approval and to dismiss the case with prejudice. *Id.* at *1. United States Senior District Judge Robert C. Brack found the Fifth Circuit's reasoning in *Martin* persuasive as applied to the facts of that case and granted the parties' motion, holding that plaintiffs were represented by competent counsel and that the settlement at issue compromised bona fide disputes regarding whether and how often the plaintiffs were undercompensated. *Id.* at *4; *see also Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted,* No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (noting that an "extensive review of every FLSA settlement has never been required by the Tenth Circuit," and "though Tenth Circuit district courts are split regarding the application of [Eleventh Circuit

precedent] in this circuit, the majority of districts . . . have held that such approval is not

necessary") (citing cases).

The Court also finds the Northern District of Oklahoma's decision in *Lawson v. Procare*

*CRS, Inc.* both pertinent and persuasive. No. 18-CV-00248-TCK-JFJ, 2019 WL 112781 (N.D.

Okla. Jan. 4, 2019). In *Lawson,* the court noted that the Eleventh Circuit's holding in *Lynn's Food*

was properly limited to the facts of that case. *Id.* at *2-*3. The court further observed that, although

district courts are split regarding the application of *Lynn's Food* in this circuit, the majority of

districts have held that such approval is not necessary. *Id.* (citing cases). The court discussed the

policy concerns that justify requiring judicial approval of settlements in situations involving

infants or incompetent individuals, in cases where not all affected parties are directly before the

court, or where one or more parties may not have counsel or fully understand the settlement

agreement. *Id.* at *3. The court also pointed out the specific circumstances in *Lynn's Food* that

justified judicial approval:  the employees who settled with their employer had not chosen to

initiate a case against their employer; they were not represented by counsel; and, some did not

speak English. *Id.* (citing *Lynn's Food,* 679 F.2d at 1352, 1354).

The *Lawson* court went on to hold that judicial approval is not necessary for settlements of

bona fide FLSA disputes, explaining:

> FLSA claims are opt-in, meaning that the named [p]laintiffs are represented by
> counsel and are actively engaged with the litigation. Additionally, the factual and
> legal issues relevant to the claims and defenses at issue have been developed
> through adversarial litigation. In such a case, if FLSA [p]laintiffs accept a
> settlement with their employer, it is likely that they understand the content of the
> settlement agreement and it is unlikely that the settlement is a result of undue
> pressure or poor or nonexistent legal advice. Accordingly, there is little justification
> to include FLSA settlements in the narrow range of settlements that require court
> approval.

*Id.* (citations omitted).

      B.      <u>Analysis</u>

The Court finds the Fifth Circuit's reasoning in *Martin*, and the reasoning of the federal district courts in *Martinez*, *Fails*, *Serna*, and *Lawson*, to be persuasive, and will be guided by that reasoning in considering the parties' motions here. *See also Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-CV-00019 WJ/SCY, 2020 WL 3085921, at *1–4 (D.N.M. June 10, 2020) (finding *Martinez, Fails, Serna,* and *Lawson* to be persuasive). The Court's assessment of the current legal landscape is this:  judicial approval is not required for private settlements of claims brought under the FLSA, where the parties' agreement resolves bona fide disputes regarding the amount of hours worked or compensation due rather than waiving or releasing the employee's substantive rights under the Act.

The parties' Agreement here appears to fall into the category of settlements that do not require judicial approval. In other words, it bears no meaningful resemblance to a case like *Lynn's Food.* This case is a collective and class action brought under the FLSA, the NMMWA, and the AMWO, in which Plaintiff, a restaurant server, alleges that Defendants failed to pay her and others the minimum wage they were due. (Doc. 19 at 2.) "Defendants deny those allegations and specifically aver that Plaintiff and all their employees were properly compensated." (*Id.*) Plaintiff has been represented by lawyers from two firms since the case was filed last October, and settlement was reached after the parties exchanged documents and information about the potential value of Plaintiff's claims and engaged in arms' length negotiations. (*Id.*) And, again, no collective or class action has been conditionally or finally certified; no other potential claimant has been notified of or participated in the case; and, the settlement does not resolve the claims of anyone other than Plaintiff. (*See* Doc. 15 at 1 ("The settlement involves only the claims and potential claims of the [p]arties.").)

The Court is satisfied that the parties have settled a bona fide dispute regarding the compensation Plaintiff is due, and there is nothing in the record to indicate any defect in the process of negotiating the settlement. Under the circumstances presented, the Court is not convinced that judicial approval of the Agreement is required.  Accordingly, by **Thursday, April 15, 2021**, the parties shall file a Joint Notice indicating whether they still wish for the Court to review the merits of the Agreement, and if so, must show cause why the circumstances presented here warrant such review. If the parties no longer wish for the Court to review the merits of the Agreement, to terminate the litigation, the parties may simply advise the Court that all claims have been resolved and that they stipulate to the dismissal of the case pursuant to Rule 41(a)(1)(A)(ii).

## II.    Motion to File Settlement Agreements Under Seal

In their Motion to Seal, the parties seek to file their Agreement under seal to "facilitate the Court's review of its fairness" while preserving its confidentiality. (Doc. 15 at 1.) The parties contend that the public's interest in access to the Agreement is "minimal" because it "involves only the claims and potential claims of the [p]arties" and "reflects a fair and reasonable compromise of Plaintiff['s] claims."  (*Id.*)  The parties further assert, without explanation, that if the Court grants their Motion to Approve Settlement, its order "need not be filed under seal as it will not contain any of the confidential information the [p]arties seek to pr[otect] from public disclosure." (*Id.* at 2.)

A party seeking to file a document under seal must overcome a longstanding, strong presumption that the public has a right of access to judicial records. *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). To do so, "the parties must articulate a real and substantial interest that justifies depriving the

public of access to the records that inform our decision-making process." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011).

If the parties were to decide that they no longer wish for the Court to review the merits of the Agreement, the public would in fact have a minimal interest in their private settlement, and there would be no issue regarding sealing the Agreement. *See, e.g., Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted,* No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (finding that confidentiality was both permissible and appropriate where court was not required to review merits of settlement agreement).

However, should the Court undertake a merits review of the Agreement, the balance of interests would shift significantly, and the parties would need to demonstrate particular circumstances that justify keeping the terms of the settlement confidential. Moreover, the Court notes that such circumstances are likely to be rare, because the very process of a merits review would tend to expose the Agreement's terms and conditions. *See, e.g., Slaughter*, 2019 WL 529512 at *6-*10 (reviewing FLSA agreement's terms); *Prim v. Ensign United States Drilling, Inc.*, No. 15-CV-02156-PAB-KMT, 2017 WL 3641844, at *3-*5 (D. Colo. Aug. 24, 2017) (same); *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172-74 (D. Colo. 2018) (same); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (in non-FLSA case, denying motions to file under seal where neither party submitted specific argument or facts indicating why settlement agreements' confidentiality outweighed presumption of public access). Unless parties forego judicial review of bona fide FLSA settlements, they should expect that the terms of a negotiated settlement may be, at least in part, publicly disclosed. The Court will therefore defer ruling on the Motion to Seal

pending the parties' Joint Notice indicating whether they still wish for the Court to review the merits of their Agreement.

IT IS THEREFORE ORDERED as follows:

The Court hereby DEFERS ruling on the parties' Joint Motion for Order Approving Resolution of Wage Claims (Doc. 14) and Joint Motion to File Exhibit Under Seal (Doc. 15) pending the parties' filing of a Joint Notice in accordance with the following terms:

(1) By **Thursday, April 15, 2021**, the parties shall file a Joint Notice indicating whether they still wish for the Court to review the merits of the Agreement;

(2) If the parties no longer wish for the Court to review the merits of the Agreement, they should include in their Joint Notice that all claims have been resolved, and that they either stipulate to dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or intend to move for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

(3) If, alternatively, the parties still wish for the Court to review the merits of the Agreement, they shall in their Joint Notice:

> (a) advise the Court whether the Agreement constitutes a resolution of a bona fide FLSA dispute or whether there are specific circumstances that warrant judicial review and approval of the Agreement;

> (b) show cause why judicial approval of the Agreement is factually and legally warranted; and,

> (c) justify, factually and legally, their request for the Court to seal the Agreement despite the fact that they are asking the Court to conduct a merits review of it.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE